IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| DANIEL WELLS, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PERRIGO COMPANY, PLC,<br><br>Defendant. | Case No:<br><br>Hon:<br><br>COLLECTIVE ACTION COMPLAINT<br><br>JURY TRIAL DEMAND |

# COLLECTIVE ACTION COMPLAINT

Plaintiff, Daniel Wells, individually and on behalf of all others similarly situated ("Plaintiffs"), by and through his undersigned attorneys, hereby brings this Collective Action against Defendant, Perrigo Company, PLC ("Perrigo" or "Defendant"), to recover unpaid overtime compensation, liquidated damages, attorneys' fees, costs, and other relief as appropriate under the Fair Labor Standards Act ("FLSA"), 29 U.S.C §§ 201, *et seq.* Plaintiff's allegations herein are based upon knowledge as to matters relating to himself and upon information and belief as to all other matters:

## JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C §§ 201, *et seq*.

2. Additionally, this Court has jurisdiction over Plaintiff's collective action FLSA claims pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer…in any Federal or State court of competent jurisdiction."

3. Defendant's annual sales exceed $500,000 and it has more than two employees, so the FLSA applies in this case on an enterprise basis. Defendant's employees engaged in interstate commerce and therefore they are also covered by the FLSA on an individual basis.

4. Venue lies in this District pursuant to 28 U.S.C. § 1391 because Defendant maintains its principal place of business in this District and is subject to personal jurisdiction in this District.

## PARTIES

5. Plaintiff, Daniel Wells ("Plaintiff" or "Wells"), is an adult resident of Michigan who has been employed by Defendant since approximately August 25, 1981. Plaintiff's consent to join form is attached as ***Exhibit A***.

6. Additional putative Collective members were or are employed by Defendant as hourly employees during the past three years and their consent forms will also be filed in this case.

7. According to its website, Defendant Perrigo Company, PLC's ("Perrigo") principal place of business and North American Base of Operations is located at 515 Eastern Avenue, Allegan, Michigan 49010. *www.perrigo.com* (last visited on 12/1/22).

8. According to Perrigo's website, its global corporate headquarters is located at The Sharp Building, Hogan Place, Dublin 2, Ireland. See *www.perrigo.com* (last visited on 12/1/22).

9. According to Perrigo's website, Perrigo is a leading provider of over-the-counter health and wellness solutions that enhance individual well-being by empowering consumers to proactively prevent or treat conditions that can be self-managed. See *www.perrigo.com* (last visited on 12/1/22).

**GENERAL ALLEGATIONS**

10. Wells began working for Perrigo in August 1981, where he first worked as a lab technician and then as a data reviewer.

11. During the applicable statutory period, Plaintiff's base hourly rate ranged between $34.09 and $38.80.

12. As an hourly employee working the second shift, Plaintiff also earned an hourly shift premium of approximately $2.00 per hour.

13. In addition to the base rate of pay, Perrigo incorporates routine and non-discretionary bonuses into its payment structure for hourly employees. For example, Perrigo provides quarterly bonus payments to Plaintiff and similarly situated employees according to a written plan, which consists of payments made every quarter, based on quarterly estimated year-end performance results. The final payment of the year is based on Perrigo's published financial results for the applicable year.

14. Plaintiff, and all similarly situated employees, were eligible for and regularly received Perrigo's non-discretionary bonus distributions in addition to their base hourly rate and hourly shift premium compensation.

15. However, Perrigo failed to take into consideration the hourly shift premium compensation and the non-discretionary bonuses when calculating its hourly employees' regular rates of pay and the resulting overtime rate premium. As such, Perrigo did not pay the proper overtime rate under the law.

16. As non-exempt employees, Perrigo's hourly employees were entitled to full compensation for all overtime hours worked at a rate 1.5 times their "regular rate" of pay.

17. Under the FLSA, the regular rate is the "keystone" to calculating the correct overtime rate. *Walling v. Youngerman-Reynolds Hardwood Co*, 325 U.S. 419 (1945). It is "the hourly rate actually paid the employee for the normal non-overtime workweek for which he is employed." 29 C.F.R. §778.108.

18. No matter how an employee is paid – whether by the hour, by the piece, on a commission, or on a salary – the employee's compensation must be converted to an equivalent hourly rate from which the overtime rate can be calculated. 29 C.F.R. §778.109. "The regular hourly rate of pay is determined by dividing the employee's total remuneration for employment (except for statutory exclusions) in any workweek by the total number of hours actually worked by the employee in that workweek for which such compensation was paid." *Id.*

19. Perrigo's hourly shift premiums and other remuneration do not fall within any of the statutory exclusions from the regular rate as provided in 29 U.S.C. §§ 207(e)(1)-(8).

20. There is a statutory presumption that remuneration in any form must be included in the regular rate calculation. The defendant carries the burden that any payment should be excluded. *Madison v. Resources for Human Dev. Inc.*, 233 F.3d 187 (3rd Cir. 2000). Thus, determining the regular rate starts from the premise that all payments made to Perrigo's hourly employees for work performed shall be included in the base calculation unless specifically excluded by statute.

5

21. Once the total amount of an employee's "regular" compensation is deduced, "the determination of the regular rate becomes a matter of mathematical computation." *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419, 425 (1945). The regular rate must be expressed as an hourly rate because, although any method of compensating an employee is permitted, the FLSA imposes its overtime requirements in terms of hourly wages. Thus, if necessary, an employer must convert an employee's wages to an hourly rate to determine compliance with the statute.

22. Plaintiff's "total remuneration" included not only his hourly pay but also the non-discretionary bonuses and the hourly shift premiums. Indeed, 29 C.F.R. § 548.502 expressly provides that "[e]xtra overtime compensation must be separately computed and paid on payments such as bonuses or shift differentials which are not included in the computation of the established basic rate…"; *see also* 29 C.F.R. §778.207(b) (Under FLSA, the regular rate of pay must consist of all forms of remuneration including non-discretionary bonuses and "such extra premiums as night shift differentials ….").

23. If an employee's non-discretionary bonus "is impossible to allocate among the workweeks of the [relevant] period, in proportion to the amount of the bonus actually earned each week, some other reasonable and equitable method of allocation must be adopted." 29 C.F.R. § 778.209(b). Consistent with the applicable

FLSA regulations, Plaintiff is entitled to an allocation of equal amounts of the bonus for each workweek of the time period to which the bonus relates.

24. For example, Plaintiff's pay stub dated 3/25/2022 shows a base hourly rate of $35.73. It also shows an overtime rate of $53.59, which is 1.5 times the base hourly rate. On this paycheck, Plaintiff also earned $52.00 in hourly shift premium compensation. However, Plaintiff's overtime rate does not account for the hourly shift premium compensation and, therefore, results in a FLSA violation.

25. As another example, Plaintiff's pay stub dated 5/20/2022 shows a quarterly bonus payment of $1,422.34. Dividing that compensation by the number of workweeks during the relevant period (12 workweeks in total) dictates that an amount of approximately $118.53 should have been added to each of those workweeks for purposes of calculating Plaintiff's regular rate of pay (and his correct overtime rate). However, Perrigo failed to incorporate this non-discretionary bonus payment into Plaintiff's regular hourly rate calculation, resulting in another FLSA violation.

26. Consistent with Section 7(a) of the Fair Labor Standards Act, Plaintiff and those similarly situated are entitled to overtime pay equal to 1.5 times their regular rate of pay for hours worked in excess of forty (40) hours per week.

27. Plaintiff and those similarly situated have regularly worked in excess of 40 hours a week and were paid overtime for those hours, but at a rate that does

not include Defendant's non-discretionary bonuses and/or hourly shift premium compensation as required by FLSA.

28. To the extent that any of Defendant's premium compensation paid to Plaintiff, and those similarly situated, could be qualified and applied as a credit under 29 U.S.C. §§ 207(7)(h), those credits may only be applied to the same workweek or work period in which the premiums were paid. *Herman v. Fabri-Centers of Am., Inc.*, 308 F. 3d 580, 590-92 (6th Cir. 2002).

29. In a Department of Labor Opinion Letter dated December 23, 1985, the Deputy Administrator stated: "We wish to point out that the surplus overtime premium payments, which may be credited against overtime pay pursuant to section 7(h) of [the] FLSA, may not be carried forward or applied retroactively to satisfy an employer's overtime pay obligation in future or past pay periods." *Opinion Letter Fair Labor Standards Act* (flsa), 1985 WL 304329 at 3 (1985).

30. As a result of Defendant's FLSA violations, it is liable to Plaintiff and those similarly situated for back wages, liquidated damages, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

31. Pursuant to 29 U.S.C. § 216(b), Plaintiff brings this action on behalf of all of Perrigo's hourly employees who: (a) were eligible for and received hourly shift premium compensation and/or non-discretionary quarterly bonuses for work

8

performed from three years from the date of the filing of this lawsuit until the present; and (b) whose overtime rates during this period did not account for this pay as required by FLSA and its attendant regulations.

32. Plaintiff and putative Collective Members are "similarly situated" as that term is used in 29 U.S.C § 216(b) because, among other things, all such individuals were eligible for and did receive the non-discretionary bonuses and hourly shift premium compensation, but such pay was not considered a part of their regular rate for determining an overtime rate as required by law.

33. Resolution of this action requires inquiry into common facts.

34. These similarly situated individuals are known to Defendant, are readily identifiable, and can be located through Defendant's payroll records, which Defendant is required to maintain pursuant to the FLSA 29 U.S.C. § 211(c); 29 C.F.R. § 516 *et seq*.

35. Conditional certification of this case as a collective action pursuant to 29 U.S.C § 216(b), is proper and necessary so that these employees may be readily notified of this action through direct U.S. mail and/or other means, including email, and allowed to opt-in for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages and/or interest, and attorneys' fees and costs under the FLSA.

36. There are many similarly situated current and former Perrigo employees who have not been paid their statutorily-required overtime rates and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

### VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *et seq*. -- FAILURE TO PAY OVERTIME

37. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

38. Perrigo is an employer within the meaning of 29 U.S.C § 203(d).

39. Plaintiff is an employee within the meaning of 29 U.S.C C 203(e).

40. The FLSA and its attendant regulations require that the regular rate of pay include all forms of remuneration. Section 207(e) outlines eight exceptions where payments may not be included in the regular rate. Defendant's hourly shift premiums and non-discretionary bonuses do not fall into any of those exceptions.

41. The Code of Federal Regulations §778.209 requires that a bonus payment be included when calculating an employee's regular hourly rate of pay and overtime compensation. Additionally, if the bonus is not ascertained until a later time for hours already worked, then the bonus "must be apportioned back over the workweeks of the period during which it may be said to have been earned. The employee must then receive an additional amount of compensation for each workweek that he worked overtime during the period equal to one-half of the hourly

10

rate of pay allocable to the bonus for that week multiplied by the number of statutory overtime hours worked during the week." 29 C.F.R. § 778.209(a).

42. If the bonus earnings are not easily assigned to a particular workweek(s), the FLSA regulations call for a reasonable and equitable method of allocation, such as assuming the employee earned an equal amount of the bonus each week of the period to which the bonus relates. 29 C.F.R. § 778.209(b).

43. Perrigo failed to include hourly shift premium compensation and non-discretionary bonuses into the regular rate of pay for Plaintiff and all other similarly situated when calculating overtime rates. The failure to include this remuneration in overtime compensation violates Section 7(a) of the FLSA because Perrigo's hourly employees are working overtime without being paid the statutorily required rates. 29 U.S.C § 207(a).

44. Perrigo failed to apportion the non-discretionary bonus back over the workweeks of the period during which it may be said to have been earned. Moreover, Perrigo failed to incorporate the apportioned bonus compensation into the Plaintiff's overtime rate calculation.

45. At all relevant times, Defendant had a policy and practice of willfully refusing to pay Plaintiff and all similarly situated employees the legally required amount of overtime compensation for all hours worked in excess of 40 hours per workweek, in violation of the FLSA.

46. As a result of Defendant's willful failure to compensate Plaintiff and all similarly situated employees at a rate not less than 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendant has violated and continues to violate the FLSA 29 U.S.C §§201 *et seq.*, including 29 U.S.C §§ 207(a)(1), 215(a), and 29 C.F.R. §§ 778.104.

47. Plaintiff and all others similarly situated are entitled to back pay and liquidated damages in an amount equal to their back pay. As a result of Defendant's FLSA violations, Plaintiff and all others similarly situated are owed overtime wages at a rate to be calculated by taking the difference between the overtime they should have received during the relevant time period and any overtime they did receive during that same time period. The exact amount can be readily determined using payroll and other employment records Defendant is statutorily required to maintain under FLSA 29 U.S.C. § 211(c).

48. Plaintiff and all others similarly situated are entitled to back pay, liquidated damages in an amount equal to their back pay, plus reasonable attorneys' fees, costs, and other relief as appropriate under the statute. 29 U.S.C. § 216(b).

### RELIEF REQUESTED

a. Designation of this action as a collective action pursuant to the FLSA 29 U.S.C. § 216(b), and an order directing Defendant to provide to Plaintiff a list of all persons employed by them who were eligible for and received any hourly shift premiums and/or non-discretionary bonuses on at least one paycheck during the applicable statutory period. This list shall include the last known address, email, and telephone

       number of each such person, so that Plaintiff can give such persons notice of this action and an opportunity to make an informed decision about whether to participate;

b.    A complete accounting of all the compensation Plaintiff and all others similarly situated are owed;

c.    A declaratory judgment that the pay practices complained herein are unlawful under the FLSA;

d.    An award of recovered back pay and an equal amount in liquidated damages;

e.    An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

f.    An award of pre-judgment and post-judgment interest;

g.    An award of costs and expenses of this action together with reasonable attorneys' fees and expert fees, and an award of a service payment to the named Plaintiff; and

h.    Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff and all others similarly situated hereby demand a trial by jury on all issues in this complaint that are so triable as a matter of right.

Date: December 1, 2022                Respectfully submitted,

                                                */s/Jesse L. Young*
                                                Jesse L. Young (P72614)
                                                SOMMERS SCHWARTZ, P.C.
                                                141 E. Michigan Avenue, Suite 600
                                                Kalamazoo, Michigan 49007
                                                jyoung@sommerspc.com
                                                (269) 250-7500

Kathryn E. Milz (6297213)
SOMMERS SCHWARTZ, P.C.
1 Towne Square, 17th Floor
Southfield, Michigan 48375
kmilz@sommerspc.com
(248) 355-0300

*Attorneys for Plaintiff and the Proposed Collective*